Darling, the presentation of it to Darling would have created no liability on his part to respond to its holder. Nor did Thacher in any way make himself liable to Husted & Brownson, or to the holder of the draft, or to any other person, by any assent or promise, so that he could be held to account to any other person than the respondents for the amount of money covered by the draft. That amount came into his hands, on being sent to him by Darling, unincumbered by any appropriation or assignment which could bind it, or could bind him in respect to it, and the moment it came into his hands it became subject to the attachment in this suit, his advances being reimbursed otherwise. The attachment was served on him before he received the amount which he afterwards paid on the draft.

It follows, that the libellants have a right to have the $1,259.49 as well as the $88.67 applied towards the payment of the amount due to them by the respondents, and a decree will be entered to that effect, and confirming the report of the commissioner finding the amount due to the libellants. Thacher must also pay so much of the costs of this suit as have been caused by his defence thereto.

This decision was affirmed by the circuit court, on appeal. [Case unreported.]

McLURE (MURGATROYD v). See Case No. 9,943.

## Case No. 8,900.

### McMAHON v. The PRIMERA.

[N. Y. Times, Jan. 24, 1855.]

District Court, D. Connecticut. Jan. 23, 1855.

MARITIME LIENS — REPAIRS — ABANDONMENT BEFORE COMPLETION.

[Abandonment of repairs by a contractor before the completion thereof bars recovery for more than a quantum meruit.]

[This was a libel by James McMahon against the brig Primera. A decree was rendered for libelant (unreported). Heard on claimants' exceptions to the commissioner's report.]

Mr. Byrne, for libelant.
Lapaugh & Andrews, for claimants.

INGERSOLL, District Judge. This case was tried in last October, and a decree rendered in favor of the libelant, with a reference to a commissioner to ascertain and report the amount of damages. The libel is filed to recover for repairs and supplies furnished to the brig. At the time of trial the question was raised upon what basis the damages should be calculated, it being claimed by the libelant that not only should he be paid for the actual repairs put on the vessel, but also that the profits should be included which he would have made if he had concluded all the work which he had contracted to do. The commissioner was thereupon directed to report the actual value of the repairs, and also to report what would have been his profits. The commissioner now reports the amount of the repairs at $414.10, and the profits which he would have made at $1,800; and to this latter item in the report the claimants except. The libelant alleges that this ship, having sailed from this port for Glasgow, and having put back in need of repairs, was placed in his hands by the master to be repaired. He does not allege that any contract was made as to how the work was to be done, but only that he was to do the needful repairs. After he had begun the work some one, who claimed to be agent for the owners, told him not to go on in the work, and intimated that he might have difficulty in collecting his pay for what he had done, and upon this the libelant ceased his work. The claim in the libel is in the nature of a quantum meruit. The libelant could have gone on in his work, but he voluntarily discontinued it, and I cannot conceive how he can recover any more than he has actually expended upon the ship. He does not claim profits in his libel. That part of the report, therefore, which allows the profits must be stricken out.

McMAHON (UNITED STATES v.). See Case No. 15,699.

McMAHON, The JAMES. See Case No. 7,-197.

McMANN (NELSON v.). See Case No. 10,109.

McMANUS (CAMPBELL v.). See Case No. 2,364.

## Case No. 8,901.

### McMARREN v. KEAN.

[The case reported under above title in 6 Chi. Leg. News, 398. and 1 Cent. Law J. 454, is the same as Case No. 7,004.]

McMASTER (BOARD OF FOREIGN MISSIONS OF PRESBYTERIAN CHURCH v.). See Case No. 1,586.

McMECHEN (AMBLER v.). See Case No. 273.

McMILLAN (GAULT v.). See Case No. 5,-274.

McMILLAN (KUHN v.). See Case No. 7,945.

McMILLAN v. SCOTT. See Case No. 5,620.

McMILLAN (WRIGHT v.). See Case No. 18,083.